IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 23-00203-01-CR-W-HFS |
| ) | |
| DALE D. MITCHELL, JR., ) | |
| ) | |
| Defendant. ) | |

**REPORT & RECOMMENDATION TO DENY
DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant's Motion to Dismiss the Indictment. (Doc. 30) Defendant contests the constitutionality of the statute under which he is charged. For the following reasons, it is recommended that Defendant's motion be denied.

**I. BACKGROUND**

On September 5, 2023, the Grand Jury returned an Indictment charging Defendant with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (Doc. 1) On January 10, 2024, Defendant filed the instant motion to dismiss. (Doc. 30) The Government filed its suggestions in opposition on February 16, 2024. (Doc. 36) Defendant then replied on March 1, 2024. (Doc. 37)

**II. LEGAL ANALYSIS**

Title 18, United States Code, Section 922(g)(1) makes it unlawful for a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to, *inter alia*, possess in or affecting commerce, a firearm. Defendant contends that the Indictment should be dismissed on grounds that 18 U.S.C. § 922(g)(1) violates the Second

Amendment to the United States Constitution,[1] both facially and as applied. Defendant additionally contends that the statute is unconstitutionally overbroad and that it violates the Fifth Amendment's due process clause. Each argument will be addressed in turn.

A.     **Second Amendment**

Citing *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2129-30 (2022), Defendant argues that the Indictment should be dismissed on grounds that 18 U.S.C. § 922(g)(1) violates the Second Amendment to the United States Constitution, both facially and as applied.[2] This argument is foreclosed by the Eighth Circuit's decisions in *United States v. Jackson*, 69 F.4th 495 (8th Cir. 2023) and *United States v. Cunningham*, 70 F.4th 502 (8th Cir. 2023). In *Jackson* the Eighth Circuit stated, in relevant part:

> We conclude that . . . § 922(g)(1) is not unconstitutional as applied to Jackson based on his particular felony convictions. The Supreme Court has said nothing in *District of Columbia v. Heller*, 554 U.S. 570, 128 S. Ct. 2783, 171 L. Ed. 2d 637 (2008), which recognized an individual right to keep and bear arms, "should be taken to cast doubt on the longstanding prohibitions on the possession of firearms by felons." *Id*. at 626, 128 S. Ct. 2783; *see McDonald v. City of Chicago*, 561 U.S. 742, 786, 130 S. Ct. 3020, 177 L. Ed. 894 (2010) (plurality opinion). The decision in *Bruen*, which reaffirmed that right is "subject to certain reasonable, well-defined restrictions," 142 S. Ct. at 2156, did not disturb those statements or cast doubt on the prohibitions. *See id*. at 2157 (Alito, J., concurring); *id*. at 2162 (Kavanaugh, J., concurring, joined by Roberts, C.J.); *id*. at 2189 (Breyer, J., dissenting, joined by Sotomayor and Kagan, JJ.) Given these assurances by the Supreme Court, and the history that supports them, we conclude that there is no need for felony-by-felony litigation regarding the constitutionality of §922(g)(1).
> 
> .     .     .
> 
> In sum, we conclude that legislatures traditionally employed status-based restrictions to disqualify <u>categories of persons</u> from possessing firearms. Whether those actions are best characterized as restrictions on persons who deviated from legal norms or persons who presented an unacceptable risk of dangerousness,

---

[1] The Second Amendment provides, "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend. II.
[2] Defendant concedes that he has felony convictions for the purposes of his motion. (Doc. 30, pp. 3-4)

2

> Congress acted within the historical tradition when it enacted § 922(g)(1) and the prohibition on possession of firearms by felons.

69 F.4th at 501-502, 505-506 (emphasis added). Approximately two weeks after *Jackson*, the Eighth Circuit reaffirmed the constitutionality of § 922(g)(1) in *Cunningham*. 70 F.4th at 506 (reiterating there is no need for felony-by-felony determinations regarding the constitutionality of §922(g)(1) as applied to a particular defendant). This Court cannot depart from Eighth Circuit controlling precedent "until overruled by [the] court en banc, by the Supreme Court, or by Congress."[3] *M.M. ex rel L.R. v. Special Sch. Dist. No. 1*, 512 F.3d 455, 459 (8th Cir. 2008). As a result, Defendant's as-applied and facial challenges must fail. *See also United States v. Doss*, No. 22-3662, 2023 WL 8299064 at *1 (8th Cir. Dec. 1, 2023) (rejecting argument that § 922(g)(1) is unconstitutional both on its face and as applied); *United States v. Rose*, No. 22-00120-01-CR-W-HFS, 2023 WL 5280579 at *5 (W.D. Mo. July 31, 2023), *adopted by* 2023 WL 5281691 (W.D. Mo. Aug. 16, 2023); *United States v. Hansen*, 4:18-CR-3140, 2023 WL 4134002 (D. Neb. June 22, 2023). It is accordingly recommended that § 922(g)(1) be found constitutional on its face and as applied to Defendant Mitchell.

**B.     Overbreadth**

Defendant next argues that § 922(g)(1) is fatally overbroad because it places restrictions on all felons, even though all felons are not violent or dangerous or have dated convictions. In support of this argument, Defendant urges that "any *dicta* in *Jackson* suggesting the statute's overbreadth is constitutionally acceptable is not binding" since *Jackson* did not involve an

---

[3]Defendant acknowledged that *Jackson* "is controlling at the time of this filing" (Doc. 30, p. 18), but argues it was wrongly decided (Doc. 30, p. 2).

overbreadth challenge to § 922(g)(1).   (Doc. 30, p. 3)   This argument is similarly foreclosed.

"In *Jackson*, the defendant argued 'that § 922(g)(1) is unconstitutional as applied to him, because his drug offenses were "non-violent" and do not show that he is more dangerous than the typical law-abiding citizen.'"   *United States v. McKnight*, No. 21-05034-01-CR-SW-MDH, 2024 WL 390458 at *2 (W.D. Mo. Jan. 8, 2024) (citing Jackson, 69 F.4th at 501), *adopted by* 2024 WL 385702 (W.D. Mo. Feb. 1, 202).   The *Jackson* Court disagreed, concluding there was "no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)." 69 F.4th at 502. "Although the Eighth Circuit does not use the word 'overbroad,'" the Court finds the *Jackson* Court substantively addressed the overbreadth issue and that such decision is binding.   *See McKnight*, 2024 WL 390458 at *2.   *See also United States v. Dunn*, 76 F.4th 1062, 1068 (8th Cir. 2023) (rejecting overbreadth argument on plain error review and reiterating *Jackson*'s conclusion that there was "no need for a felony-by-felony litigation regarding the constitutionality of § 922(g)(1)").   Defendant's motion to dismiss should be denied on this basis.

**C.     Fifth Amendment**

Lastly, Defendant argues that § 922(g)(1) violates the Fifth Amendment due process clause by failing to provide a procedural mechanism by which an individual can have his Second Amendment rights restored.   The Court disagrees.   Section 922(g)(1) does contain a restoration mechanism.   To be sure, 18 U.S.C. § 921(a)(20) states, "Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or

4

receive firearms." *See also* 18 U.S.C. § 925(c) (allowing felons to apply to the Attorney General to restore their right to possess firearms). Although Defendant argues that Congress defunded § 925(c) in 1992, this provision is not the only avenue to restoration. The Court is not aware that a Fifth Amendment constitutional challenge to § 922(g)(1) has ever been successful based on the status of § 925(c). Defendant's Fifth Amendment challenge to § 922(g)(1) should also be denied.

### III. CONCLUSION

Based on the above, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying Defendant's Motion to Dismiss the Indictment.

Counsel are advised that, pursuant to 28 U.S.C. § 636(b)(1), each has fourteen days from the date of this Report and Recommendation to file and serve specific objections, unless an extension of time for good cause is obtained.

/s/ *Jill A. Morris*
JILL A. MORRIS
UNITED STATES MAGISTRATE JUDGE