IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| UNITED STATES OF AMERICA | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23-00203-CR-W-HFS |
| | ) |
| DALE D. MITCHELL, JR., | ) |
| | ) |
| Defendant. | ) |

ORDER

Currently pending is defendant's motion to dismiss the indictment charging him with being a felon in possession of a firearm in violation of 18 § 922(g)(1).[1] Defendant seeks dismissal of a felon in possession prosecution based on § 922(g)(1), claiming: (1) violation of the Second Amendment, contending that the statute is unconstitutional on its face and as applied; (2) that the statute violates the Fifth Amendment; and (3) the statute is overbroad .

The Honorable Jill A. Morris has issued a Report and Recommendation ("R&R") recommending denial of the motion because the Eighth Circuit currently supports the prohibition. Current cases supporting Judge Morris' ruling include: United States v. Doss, 2023 WL 8299064 (Dec. 1, 2023)(rejecting argument that § 922(g)(1) is

---

[1] Specifically, a Taurus, .38 special revolver, bearing Serial Number EY55692, which had been transported in interstate commerce, contrary to the provisions of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8). (Doc. 1).

1

unconstitutional both on its face and as-applied), United States v. Cunningham, 70 F.4th 502 (Jun. 13, 2023), United States v. Jackson, 69 F.4th 495 (Jun. 2, 2023).

Defendant acknowledges that the court is bound by the current posture of cases in this circuit, but in reliance on New York State Rifle & Pistol Association, Inc. v. Buen, 597 U.S. 1 (2022), argues that the felon in possession statute is unconstitutional on its face and as applied to him. According to defendant, the court in Jackson, erroneously relied on mere *dicta* cited in District of Columbia v. Heller, 554 U.S. 570 (2008). Defendant also cites several cases from sister-jurisdictions post Bruen[2] for the proposition that there is no historical precedent for § 922(n) of the felon in possession statute which defendant claims is common to § 922(g)(1) of the statute and therefore also lacking historical precedent.

As Jackson makes clear history shows that the right to keep and bear arms was subject to restrictions including prohibitions on possession by certain groups of people. 69 F.4th at 502.[3] Whether the legislative actions of disqualification are characterized as restrictions on persons who deviated from legal norms or persons who presented an unacceptable risk of dangerous, Congress acted within the historical tradition. Thus, the constitutionality of § 922(g)(1) as applied to the defendant and other convicted felons is

---

[2] See, United States v. Stambaugh, 2022 WL 16936043 (W.D. Ok.); United States v. Quiroz, 2022 WL 4352482 (W.D. Tx); United States v. Holden, 2022 WL 17103509 (N.D. Ind.); and United States v. Hicks, 2023 WL 164170 (W.D. Tx.).

[3] Restrictions on the possession of firearms date to England in the late 1600's when the government disarmed non-Anglican Protestants who refused to participate in the Church of England, and later applied the prohibition to Catholics who refused to renounce their faith. Jackson, at 502.

In colonial America, legislatures prohibited Native Americans from owning firearms, and religious minorities such as Catholics in Maryland, Virginia, and Pennsylvania were subject to disarmament. Id.

2

Case 4:23-cr-00203-HFS   Document 47   Filed 05/15/24   Page 2 of 5

consistent with the Nation's historical tradition of firearm regulation. Id; citing, Bruen, 597 U.S, at *24, see also, in McDonald v. Chicago, 561 U.S. 742 (2010).

Thus, defendant fails to establish that § 922(g)(1) is unconstitutional on its face or as-applied.

Defendant further argues that the court in Jackson relied on historical analogies distinctly dissimilar to § 922(g)(1) in that it placed restrictions on all felons including those that are non-violent or have dated convictions; and such reasoning is fatally flawed as overbroad. Judge Morris considered this argument and found it lacking, relying on, United States v. McKnight, 2024 WL 390458 (W.D.Mo.)(although the court in Jackson did not use the word "overbroad" it addressed the issue of overbreadth and found the statute constitutionally acceptable). Further rejection of defendant's overbreadth argument is found in United States v. Dunn, 76 F.4th 1062, 1068 (8$^{th}$Cir. Aug. 8, 2023), which in reviewing this issue only for plain error – since defendant forfeited the argument in the district court – concluded that the felon-in-possession statute is constitutional and there is no need for felony-by-felony litigation.

Finally, defendant contends that § 922(g)(1) fails to provide a procedural mechanism for restoration of his Second Amendment right and, therefore, violates the Fifth Amendment. Contrary to defendant's contention, Judge Morris found that alternative avenues existed for this purpose as in 18 U.S.C. § 921(a)(20). Defendant argues that § 921(a)(20) is not a viable path leaving restoration decisions to state legislatures, quoting United States v. Neal, 2024 WL 833607 *9 (N.D.Ill.) purportedly stating "But in reality, the opportunity for expungement of the majority of felony

3

Case 4:23-cr-00203-HFS   Document 47   Filed 05/15/24   Page 3 of 5

convictions and restoration of felons' firearm rights is illusory." No such quote can be found at page 9 in Neal. Further, the issue in Neal involved the defendant's motion to withdraw his plea and to dismiss the indictment on Second Amendment grounds. 2024 WL 833607, at *1 n. 1.

In Neal, Judge Ellis held that under its reading of Bruen § 922(g)(1) was facially unconstitutional; while acknowledging that her conclusion diverged from the majority of courts across the country that have considered the issue. Neal, at * 12. As previously noted, no quote is found on page nine of the Neal opinion regarding an overbreadth argument as it pertains to restoration rights. Interestingly, however, Judge Ellis posits a third, and perhaps more historically grounded, alternative: that the proposals raised at the three ratifying conventions held in Pennsylvania, Massachusetts, and New Hampshire were not adopted because the founders understood the Second Amendment to apply only to a collective right to bear arms, making it obvious that legislatures could pass regulations precluding *any* individual from possessing firearms for non-Militia purposes. Neal, at *10 n. 11)

A few weeks after Judge Ellis' decision in Neal, Judge Simon concluded in United States v. Garcia, 2024 WL 1174045 * 2 (N.D.Indiana), that although Bruen reaffirmed the Second and Fourteenth Amendment right of an ordinary, law-abiding citizen to possess a handgun in the home for self-protection as recognized in Heller and McDonald, the Court also held that nothing in Bruen should be taken to cast doubt on longstanding

prohibitions on the possession of firearms by felons. In conclusion, Judge Simon did not find the approach taken in <u>Neal</u> to be persuasive and declined to apply it. <u>Garcia</u>, at * 4.[4]

Accordingly, the Report and Recommendation (Doc. 45) is ADOPTED, and the motion to dismiss (Doc. 30) is DENIED.

SO ORDERED.

                                                                               */s/ Howard F. Sachs*
                                                                               HOWARD F. SACHS
                                                                               UNITED STATES DISTRICT JUDGE

Dated: May 15, 2024
Kansas City, Missouri

---

[4] Judge Simon noted that his conclusion that the Second Amendment does not protect the right of felons to possess firearms in light of the <u>Bruen</u> line of decisions was reinforced by the persuasive weight of lower court decisions finding § 922(g)(1) constitutional under similar reasoning. <u>Garcia</u>, at *3.